# No. 20-8024

In the United States Court of Appeals
For the Third Circuit

---

MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL,
and DESIRE EVANS, on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents*,

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

*Defendant-Petitioner*.

---

On Petition for Permission to Appeal from the United States District Court for the Eastern District of Pennsylvania, No. 2:18-cv-05629-JDW (Wolson, J.)

---

# REPLY IN SUPPORT OF
# PETITION FOR PERMISSION TO APPEAL

---

MORGAN, LEWIS & BOCKIUS LLP
   Brian W. Shaffer
   Matthew D. Klayman
1701 Market St.
Philadelphia, PA 19103
(215) 963-5000

MORGAN, LEWIS & BOCKIUS LLP
   William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188

*Counsel for Defendant-Petitioner*

# TABLE OF CONTENTS

**Page**

Table of Contents ...................................................................................................... i

Table of Authorities ................................................................................................. ii

Argument in Reply in Support of Petition ............................................................... 1

I.   This Court Should Grant Review to Develop the Law on Class
     Certification Under Rule 23(c)(4). ................................................................. 2

     A.   Plaintiffs' response confirms the need for clarification of the
          relationship between Rule 23(b)(3) and Rule 23(c)(4). ........................ 3

     B.   This Court should correct the district court's misapplication
          of *Gates*. ............................................................................................... 5

II.  Review Is Warranted Because the District Court's Class
     Certification Determination Was Erroneous. ................................................. 6

     A.   The district court erred in analyzing variations in state law. ................ 7

     B.   The district court erred in analyzing Rule 23(a). .................................. 8

III. The District Court's Ruling Places Inordinate Settlement Pressure
     on ECFMG ..................................................................................................... 10

Conclusion & Prayer for Relief ............................................................................... 12

Certificate of Service ............................................................................................... 13

Certificate of Compliance with Rule 32(a) ............................................................. 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page(s)**

*Air Line Pilots Ass'n, Int'l v. Guilford Transp. Indus., Inc.*,
    399 F.3d 89 (1st Cir. 2005) .................................................................................. 4

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426 (2013) .............................................................................. 1, 3, 4

*Gates v. Rohm and Haas Co.*,
    655 F.3d 255 (3d Cir. 2011) ......................................................................3, 4, 5, 6

*Luppino v. Mercedes Benz USA*,
    718 F. App'x 143 (3d Cir. 2017) .......................................................................... 4

*Nafar v. Hollywood Tanning Sys., Inc.*,
    339 F. App'x 216 (3d Cir. 2009) ....................................................................... 10

*In re Sch. Asbestos Litig.*,
    789 F.2d 996 (3d Cir. 1986) ................................................................................ 7

*Spence v. Bd. of Ed. of Christina Sch. Dist.*,
    806 F.2d 1198 (3d Cir. 1986) .............................................................................. 5

*Stoneridge Inv. Partners, LLC v. Sci-Atlanta*,
    552 U.S. 148 (2008) ........................................................................................... 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .................................................................................... *passim*

## ARGUMENT IN REPLY IN SUPPORT OF PETITION

Plaintiffs' response confirms that review is warranted under Rule 23(f). Plaintiffs do not deny the importance of the primary issue raised by the petition: the interaction of Rule 23(b) and Rule 23(c)(4). And they have no answer to the Supreme Court's holding in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), that class certification requires a plaintiff to "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)," *id.* at 1432, a holding that goes unaddressed in Plaintiffs' response.

Plaintiffs incorrectly describe the certification order, suggesting that it merely "leaves damages to be calculated on an individual basis." Resp. at 10. To the contrary, as ECFMG detailed in its petition, the district court certified only narrow, abstract questions of duty and breach, leaving issues such as causation, injury, damages, as well as individual affirmative defenses, to be determined in individual proceedings that will require re-presenting virtually all of the common evidence.

Moreover, there is no reason to believe that many class members suffered the emotional distress alleged by the named plaintiffs as a proximate result of any alleged act or omission by ECFMG. Plaintiffs accuse a third-party, Dr. John Akoda[1],

---

[1] Plaintiffs are wrong to state, "There is no 'Dr. Akoda.'" Resp. at 5. John Akoda completed a residency program, Dkt. 39-5, Dkt. 39-6; was licensed to practice medicine in two states, Dkt. 32-34 at 4; and achieved Board certification as a specialist, Dkt. 39-7. Plaintiffs' theory—that he should not have been licensed to

1

of committing "sexual assault, battery, and boundary violations." Resp. at 2. But Plaintiffs' class action does not seek to recover for such serious allegations, which would require proof on an individual basis and would likely be time-barred. Plaintiffs instead seek to recover only for the emotional distress they allegedly suffered upon learning that they received treatment (in many cases, completely satisfactory treatment) from an allegedly unqualified doctor. If Plaintiffs are correct, then notice of those allegations will be the cause of injuries to many class members.

Rather than defend the substance of the district court's order, Plaintiffs' response (i) retreats to meritless waiver arguments, accusing ECFMG of "waiving" particular cases; and (ii) in at least two instances, misstates the record in arguing that ECFMG did not raise arguments that it plainly did. Plaintiffs' reliance on waiver arguments, rather than a defense of the decision's merits, reveals their lack of confidence in its correctness.

This Court should review certification of this unusual and unprecedented class.

**I.    This Court Should Grant Review to Develop the Law on Class Certification Under Rule 23(c)(4).**

This Court should allow this interlocutory appeal to clarify the law of class certification under Rule 23(c)(4). Pet. at 10–17.

---

practice medicine—does not overcome the fact that "John Akoda" was, in fact, licensed to practice medicine.

### A. Plaintiffs' response confirms the need for clarification of the relationship between Rule 23(b)(3) and Rule 23(c)(4).

This interlocutory appeal should be granted for this Court to address the relationship between Rule 23(b)(3) and Rule 23(c)(4), including whether this Court's decision in *Gates v. Rohm and Haas Co.*, 655 F.3d 255 (3d Cir. 2011), was affected by the Supreme Court's decision in *Comcast v. Behrend*, 133 S. Ct. 1426 (2013).

Plaintiffs do not deny the importance of this issue. Nor do they dispute ECFMG's explanation of the district court's analysis. Resp. at 9–10 (agreeing that the district court refused to consider Rule 23(b) and looked only at the *Gates* factors). Instead, Plaintiffs present it as settled law that a court should ignore Rule 23(b) when certifying issues for class treatment under Rule 23(c)(4).

As an initial matter, Plaintiffs' arguments largely attack a strawman, describing ECFMG's position as that "predominance and superiority must be satisfied for the entire case before certification pursuant to Rule 23(c)(4) can even occur." Resp. at 11–12. But Plaintiffs' misstate ECFMG's position: although it may be that Rule 23(b) must be satisfied for the entire case, the district court's error here was failing to consider Rule 23(b) at all, either for the case or for the issues certified and not certified.

Plaintiffs' position that Rule 23(b) is irrelevant cannot be reconciled with the Supreme Court's statement in *Comcast v. Behrend* that class certification requires a

plaintiff to "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." 133 S. Ct. at 1432. Their position is also inconsistent with *Luppino v. Mercedes Benz USA*,[2] which relied on *Comcast* to hold that a plaintiff "may seek certification under Rule 23(c)(4)" only after "having satisfied Rule 23(a) and (b)'s requirements." 718 F. App'x 143, 146 (3d Cir. 2017).

Nor do Plaintiffs' counsel address why their description of *Gates* and this Court's Rule 23(c)(4) jurisprudence to the Supreme Court is inconsistent with the district court's analysis. Pet. at 13 (quoting *Behr Dayton* Brief in Opposition). The fact that Plaintiffs' lawyers cannot consistently describe *Gates* from case to case establishes the need for clarification.

Plaintiffs attempt to distinguish two district court decisions cited by ECFMG, Pet. at 16, but notably, they cite no case that is consistent with the district court's "Rule 23(b) is irrelevant" approach to Rule 23(c)(4). The decision below is an outlier, and Plaintiffs do not dispute what ECFMG explained in its petition: under the district court's approach—no matter how predominant individual issues or

---

[2] *Luppino* confirms the need for clarification of this area of the law. Plaintiffs' contention (at 15) that ECFMG somehow forfeited reliance on *Luppino* is frivolous. They "confus[e] the making of an argument with the citation of a case." *Air Line Pilots Ass'n, Int'l v. Guilford Transp. Indus., Inc.*, 399 F.3d 89, 100 n. 7 (1st Cir. 2005). ECFMG has fully preserved the argument that the district court was required to consider Rule 23(b) in certifying a class under Rule 23(c)(4). Dkt. 39 at 10.

superior individual suits—a district court could always slice off a narrow, abstract issue for class treatment. Pet. at 14.

This Court has not discussed Rule 23(c)(4) at any length in nearly a decade. Plaintiffs cannot deny the importance of the issue, which warrants clarification.

### B. This Court should correct the district court's misapplication of *Gates*.

Independent of Rule 23(b), this interlocutory appeal will allow this Court to develop the law of class certification by clarifying whether the district court correctly analyzed *Gates* and, if not, how district courts in this Circuit should do so in the future.

Plaintiffs do not mount a meaningful defense of the district court's cursory analysis of *Gates*. Much of their argument is in a single, conclusory sentence: "The district court identified, discussed, and applied the factors set forth in this Court's opinion in *Gates*." Resp. at 14. This is no answer to the district court's failure to engage in the rigorous analysis required by this Court. Pet. at 15.

Plaintiffs have no explanation for the district court's failure to consider "the type of claims at issue" in light of this Court's holding that emotional distress is "unsuitable for class treatment," given that emotional distress liability and damages are "too interwoven to allow a fair determination of damages apart from liability." *Spence v. Bd. of Ed. of Christina Sch. Dist.*, 806 F.2d 1198, 1202 (3d Cir. 1986).

The problems with doing so are spotlighted in this case where emotional distress is the *only* form of damages and relief sought by the class members.

Nor do Plaintiffs address how the analysis of "efficiencies" can be harmonized with *Gates* itself, which rejected an indistinguishable class under Rule 23(c)(4). *See* Pet. at 16 ("As in *Gates*, in this case, determination of the classwide issues would still leave causation, the fact of damages, and the amount of damages to be determined in follow-up proceedings.").

In its petition, ECFMG explained in detail why individual proceedings to determine the existence, cause, and amount of any individual's emotional distress would require a jury to rehear virtually all of the classwide evidence. Pet. at 16–17. Plaintiffs are silent in response.

Particularly if Plaintiffs are correct that Rule 23(b) is irrelevant, then rigorous application of *Gates* is critical. This Court should grant this petition to develop the law of class certification, provide guidance regarding *Gates*, and correct the district court's application thereof.

## II. Review Is Warranted Because the District Court's Class Certification Determination Was Erroneous.

A number of errors in the district court's analysis also warrant granting this petition for interlocutory appeal. Pet. at 17–23.

### A. The district court erred in analyzing variations in state law.

Plaintiffs do not dispute that it was their burden under Rule 23 to conduct an "extensive analysis" of state law variations. *In re Sch. Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986). But Plaintiffs cannot show that the district court properly applied this burden or that they conducted this "extensive analysis."

As ECFMG explained, the full analysis of state law variations in Plaintiffs' class certification briefing consisted of counsel's representation that they were "unaware" of any relevant conflicts. Plaintiffs never cited (let alone discussed) any case from any state other than Pennsylvania. That is not the "extensive analysis" required by this Court. *Id.* at 1010.

Rather than attempting to prove the absence of state law variations, Plaintiffs invited the district court to misapply the burden of proof, arguing that "Defendants haven't identified any relevant distinction[.]" Jan. 30, 2020 Hearing Tr. at 47:9-11. Similarly, the district court then noted—without any substantive analysis—that "the parties have not identified any" real difference between the relevant state laws. Dkt. 57, Class Certification Memorandum ("Mem.") at 11. The district court never concluded that Plaintiffs demonstrated uniformity.

Far from "specifically consider[ing] and reject[ing]" specific differences in state law (Resp. at 17), the district court did not discuss a single case from Virginia or the District of Columbia, and the cited case from Maryland confirms there is a

conflict between the law of Maryland (which does not recognize a claim for negligent infliction of emotional distress) and the laws of Pennsylvania and of the District of Columbia (which do recognize such a claim, though the elements may vary). The district court's conclusion (at Mem. at 11) that the "same result would ensue" under Pennsylvania and Maryland law cannot be correct. ECFMG made that argument to the district court, to no avail. Dkt. 39 at 19–20.

Plaintiffs also attempt to defend the suggestion that Pennsylvania law could apply to emotional distress arising out of an out-of-state doctor treating an out-of-state plaintiff in an out-of-state hospital, suggesting that "where 'Akoda' encountered class members is irrelevant." Resp. at 18. That argument is facially incorrect: Plaintiffs allege that what they subsequently learned about their interactions with Dr. Akoda—not with ECFMG—caused emotional distress.

Again, Plaintiffs retreat to a meritless waiver argument. Resp. at 19. ECFMG has consistently maintained that Pennsylvania law cannot apply, Dkt. 39 at 20, and the problems under the Commerce Clause that would occur if Pennsylvania attempted to apply its law to regulate an out-of-state doctor-patient relationship merely provide further support for ECFMG's fully-preserved position.

### B.　The district court erred in analyzing Rule 23(a).

This Court should also grant review to correct the erroneous analysis of Rule 23(a). Plaintiffs failed to carry their burden as to typicality. Their theory—that other

class members have suffered or would suffer emotional distress after learning that Dr. Akoda was not allegedly "properly certified and qualified"[3]—is speculation: Plaintiffs admit that the class includes individuals who "didn't suffer any provable emotional distress." Jan. 30, 2020 Hearing Tr. at 12:20–21. The problem is not only that "individual class members suffered injury under different circumstances," Resp. at 20, but also that other class members have suffered no injury at all.

With respect to the fact that (under Plaintiffs' theory) certification of this class action would cause harm to unnamed class members, Plaintiffs misstate the record in asserting that the argument "was never raised." Resp. at 21. ECFMG expressly argued that Rule 23(a) is not satisfied and adequacy is lacking because "class members might suffer emotional distress only upon receiving notice of this class action, if it is certified." Dkt. 39 at 21–22. Plaintiffs have not identified a single case in which a class was certified in the face of such a fundamental conflict. *See* Pet. at 22 (noting that the desire to inflict injury on class members should preclude certification on numerous grounds).

Plaintiffs make a similarly incorrect waiver argument with respect to the class claims precluding claims by class members for physical injuries allegedly caused by

---

[3] Plaintiffs' liability theory is that class members typically suffer emotional distress upon learning that Dr. Akoda pleaded guilty to misuse of a social security number, even if years had passed since their interactions with Dr. Akoda and even if their interactions with Dr. Akoda were fully satisfactory.

9

Dr. Akoda. *See* Resp. at 21 ("ECFMG never raised this argument below."). ECFMG expressly argued: "[I]f a class is certified here, class members would be precluded from later pursuing claims that could have been asserted in this class action." Dkt. 39-1 at 21. Plaintiffs express apparent puzzlement at how this could occur, but principles of claim preclusion prevent plaintiffs from splitting claims in separate proceedings. *See Nafar v. Hollywood Tanning Sys., Inc.*, 339 F. App'x 216, 224–25 (3d Cir. 2009) (vacating class certification order and noting that "claim splitting, which is generally prohibited by the doctrine of *res judicata*" is a "very important issue in assessing the adequacy of representation requirement"). Plaintiffs' desire to manufacture a class action by pursuing claims only for emotional distress creates a conflict between Plaintiffs and any class members who have allegedly suffered physical injuries. This conflict renders Plaintiffs inadequate representatives.

### III. The District Court's Ruling Places Inordinate Settlement Pressure on ECFMG.

Finally, the settlement pressure of the ruling justifies review by this Court. Plaintiffs argue, in essence, that the extreme settlement pressure on ECFMG is desirable because Plaintiffs believe their claims are meritorious. Resp. at 22. That is not the law. Regardless of a claim's ultimate merits, an order granting certification warrants immediate appellate review if it "may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability." Fed. R. Civ. P. 23(f), Advisory Committee Note. The "potential for

10

uncertainty and disruption" in a class action lawsuit, *Stoneridge Inv. Partners, LLC v. Sci-Atlanta*, 552 U.S. 148, 149 (2008), is particularly acute with respect to emotional distress damages, which are extremely difficult to predict.

Plaintiffs do not dispute that international medical graduates compose a substantial percentage of doctors in the United States or that an unfavorable ruling creates the possibility that ECFMG, a non-profit Philadelphia-based organization, may be sued in a class action whenever there is possible malfeasance by an international medical graduate. Pet. at 23–24 . Plaintiffs' focus on whether "ECFMG could be held vicariously liable" misses the point. Resp. at 23. The issue is that if class treatment is appropriate (or if the district court rendered an unfavorable decision on a classwide basis), virtually any dissatisfaction by patients of an international medical graduate could lead to a class action against ECFMG. From such a perspective, the stakes—and the settlement pressure—are high.

## CONCLUSION & PRAYER FOR RELIEF

ECFMG respectfully renews its request that this Court grant this petition for permission to appeal under Rule 23(f) and permit interlocutory review of the class certification order.

Dated: April 27, 2020

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: *William Peterson*
William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002

Brian W. Shaffer
Matthew D. Klayman
1701 Market St.
Philadelphia, PA 19103

*Counsel for Defendant-Petitioner*
*Educational Commission for Foreign Medical Graduates*

# CERTIFICATE OF SERVICE

    I hereby certify that on April 27, 2020, the foregoing Reply in Support of Petition for Permission to Appeal was served via this Court's CM/ECF system and/or email upon the following counsel:

| | |
|---|---|
| Nicholas M. Centrella<br>Robin Weiss<br>CONRAD O'BRIEN<br>1500 Market Street<br>Centre Square<br>West Tower, Suite 3900<br>Philadelphia, PA 19102 | Jonathan Schochor<br>Philip C. Federico<br>Brent P. Ceryes<br>SCHOCHOR FEDERICO & STATON, PA<br>1211 St. Paul Street<br>Baltimore, MD 21202 |
| Cory L. Zajdel<br>Z LAW LLC<br>2345 York Road, Suite #B-13<br>Timonium, MD 21093 | Patrick A. Thronson<br>JANET JANET & SUGGS LLC<br>4 Reservoir Circle, Suite 200<br>Baltimore, MD 21208 |
| David E. Haynes<br>Karen E. Evans<br>THE COCHRAN FIRM<br>1100 New York Ave NW<br>Suite 340<br>Washington, DC 20005 | Paul M. Vettori<br>Danielle S. Dinsmore<br>LAW OFFICES OF PETER ANGELOS<br>One Charles Center<br>100 N. Charles Street<br>Baltimore, MD 21201 |

*Counsel for Plaintiffs-Respondents*

*William Peterson*
_____
William R. Peterson

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1. This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(C) because this petition contains 2,577 words, excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(f).

2. This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point font.

*[signature: William Peterson]*

William R. Peterson
*Counsel for Defendant-Petitioner,*
*Educational Commission for Foreign*
*Medical Graduates*

Dated: April 27, 2020